UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 09-CV-3313-SRN-SER

| | |
|---|---|
| Pradip Gupta,<br><br>          Plaintiff,<br>v.<br><br>Arrow Financial Services, L.L.C.,<br>Gurstel, Staloch & Chargo, P.A.,<br>and Jane Doe,<br><br>          Defendants. | DECLARATION OF<br>PETER F. BARRY<br>IN SUPPORT OF PLAINTIFF'S<br>MOTION FOR ATTORNEY'S FEES<br>AND COSTS |

### DECLARATION OF PETER F. BARRY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

I, Peter F. Barry, Esq. declare as follows:

1. That I am a partner in the law firm of Barry & Slade, LLC. I am submitting this Declaration in support of my firm's application for an award of attorney's fees and costs in connection with services rendered in the above-entitled action (the "Action").

2. That attached as **Exhibit 1** is information concerning the background and experience (e.g., curriculum vitae) of my firm and myself.

3. That I have been admitted to the practice of law since October 25, 1996, and I am in in good standing.

4. That I am admitted to practice within the State and Federal courts of Minnesota, the United States 8th Circuit Court of Appeals, and the United States Supreme Court, amongst others.

5. That I have won successful jury verdicts in both individual consumer law cases as well as in a class action jury trial on April 29, 2002. *Byrd v. Metropolitan Corporation*, (Hennepin County, Minnesota, Court File No. CT-00016055).

6. That I am an experienced federal litigator and have extensive experience in FDCPA litigation.

7. That I have analyzed, litigated, handled, and settled thousands of FDCPA claims in Minnesota and nationwide on behalf of individual and class consumers.

8. That the Plaintiff hired counsel on a contingency fee agreement.

9. That this was a complex case with unique facts and very determined Defendants.

**BILLABLE TIME ON FILE**

10. That my firm represented Plaintiff Pradip Gupta in this action. My firm actively participated in all aspects of this litigation beginning in July 2009 up through the current time. This case involved extensive legal research, drafting of pleadings, discovery, client meetings, settlement negotiations, and appearance of counsel. The tasks undertaken by my firm can be summarized as follows:

    a) drafting, editing, revising, and filing the Complaint;

    b) conferring with the Plaintiff evaluating his case and selecting the viable claims;

    c) drafting, editing and revising Plaintiff's written discovery requests and responses;

    d) editing and revising all filed pleadings;

  e) researching all legal issues in the case, from the preparation of the Complaint to discovery and motions;

  f) researching all factual and legal issues;

  g) conferring with law clerk on all tactical and strategic decisions;

  h) reviewing correspondence, pleadings and briefing from defense counsel;

  i) participating in and preparing for all hearings before the Court from the initial pretrial through the settlement conference;

  j) ensuring the elimination of duplicative or redundant work on this case; and,

  k) drafting of declarations of counsel and the fee petition for this law firm.

11. That the Schedule of Time Expended attached hereto as **Exhibit 2** a true and correct copy of a detailed and specific summary indicating the amount of time, by specific work expended, spent by me in this litigation, and the lodestar fee calculation based on my firm's current billing rates. The Schedule was prepared from contemporaneous time records regularly prepared and maintained by my firm.

12. That I carefully reviewed and confirmed each time entry to ensure that only actual, appropriate and reasonable amounts of time were billed for each particular task performed in this case.

13. That where necessary in my judgment, I exercised appropriate billing discretion by reducing the amount of time charged for certain tasks or where I believed there might be redundancy or overlap. I also billed certain activities as "no charge" or at a reduced amount of time where appropriate.

14. That these reductions in time are already reflected in **Exhibit 2.**

15. That the lodestar devoted to the case by Barry & Slade, LLC for work performed with respect to this case is as follows:

| Attorney | Hourly Rate | Hours | Fees |
|---|---|---|---|
| Peter F. Barry | $425.00 | 119.6 | $50,830.00 |
| **TOTAL FEES:** | | | **$50,830.00** |

16. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items, law clerks, or administrative staff. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

## CURRENT BILLABLE HOURLY RATE

17. That my current my hourly rate is $425.00 an hour. This rate is reasonable and it is the rate I currently charge my consumer law clients, including hourly clients. This rate is in line with attorneys with comparable experience levels for consumer litigation of a similar nature (15+ years).

18. That my hourly rate has correspondingly increased over the past years:

- That my lodestar attorney fee rate was approved in 1999 for $225.00 per hour in a consumer law case in Minnesota State Court. *Jordan et al. v. Western Diversified Life Insurance Company* (Hennepin County, Minnesota, Court File No. CT-96-016337).

- That my lodestar attorney fee rate was approved in 2001 for $225.00 per hour in a consumer law case in the United States Federal District Court, for

-4-

the District of Minnesota. *Wuollet v. Wexler & Wexler* (United States District Court for the District of Minnesota, Court File No.:  CV 01-506 DSD/SRN).

- That my lodestar attorney fee rate was also approved in 2002 by this Court at $250.00 per hour. *Andernacht v. Interstate Credit Control*, (United States District Court for the District of Minnesota, Court File No.:  CV 02-928 DSD/SRN).

- That my lodestar attorney fee rate was approved in 2002 for $250.00 per hour in a consumer law case in the United States Federal District Court, for the District of Minnesota. *Armstrong v. Rose Law Firm, P.A.* (United States District Court for the District of Minnesota, Court File No.:  Court File 00-2287 (MJD/SRN).  2002 WL 31050583.

- That my lodestar attorney fee rate was approved in 2004 for $300.00 per hour in a FDCPA consumer law case in the United States Federal District Court, for the Northern District of Texas. *Remely v. Etan General, Inc.* (USDC-ND of Texas, Court File No. 3-01CV2658-K).

- That my lodestar attorney fee rate was approved in 2005 for $300.00 per hour in a FDCPA consumer law case in the United States Federal District Court, for the Eastern District of Pennsylvania. *Frankenfield v. National Action Financial Services, Inc.* (USDC-ED of Pennsylvania Court File No. 04-00238).

- That my lodestar attorney fee rate was approved in 2009 for $350.00 per hour in a FDCPA consumer law case in the United States Federal District Court, for the District of Minnesota. *Gorton v. Debt Equities, LLC*, Civ. No. 08-4817, Doc. No. 26 (D. Minn. July 13, 2009).

19. That my current hourly rate of $425.00 is justified by my extensive experience, national reputation, the nature and complexity of FDCPA cases generally, the relative risk involved in consumer cases, and hourly attorney's fee rates from comparable markets.

### BILLABLE COSTS ON FILE

20. That attached hereto as **Exhibit 3** is a true and correct copy of my law firm's costs records in this matter.

21. From the inception of this litigation through March 25, 2011, my firm incurred a total of **$513.15** in unreimbursed expenses in connection with the prosecution of this litigation. These costs are broken down as follows:

| Date | Type | Description | Amount |
|---|---|---|---|
| 11/20/09 | Service of Process | Filing fee. Service of process costs. Metro Legal. | $447.00 |
| 01/26/10 | Parking | Pretrial | $12.00 |
| 07/31/10 | Mail to | Certified mailing fees | $6.75 |
| 11/24/10 | Service | Courier fees on courtesy copies for motion papers to Court | $34.00 |
| 12/24/10 | Mail to | Certified mailing fees | $6.70 |
| 01/12/11 | Mail to | Certified mailing fees | $6.70 |

22. That the expenses incurred pertaining to this case are reflected in the books and records of this firm. These books and records are prepared from expense vouchers and check records and are an accurate record of the expenses incurred. The statement of the hours worked pertaining to this case is based on and reflected in records generated contemporaneously with the work performed.

### NATIONAL REPUTATION IN FDCPA LITIGATION JUSTIFIES RATE

23. That my current hourly rate of $425.00 is justified by my experience, the nature and complexity of FDCPA cases generally, the relative risk involved in consumer cases, and hourly attorney fee rates from comparable markets.

24. That I am recognized as a national expert in FDCPA litigation having been featured on collection abuse news stories for every major television network as well as the New York Times, Wall Street Journal, and the Washington Post, amongst others.

25. That on May 30, 2009, I appeared as a featured speaker before a standing-room-only crowd of nearly 2,000 bankruptcy practitioners at the Chicago Marriott to discuss the role the FDCPA plays in reducing federal bankruptcy proceedings.

### EDUCATIONAL EXPERTISE JUSTIFIES RATE

26. That I am an Adjunct Professor of Consumer Law at William Mitchell College of Law, Saint Paul, Minnesota, where I have taught since 2003, and where I also donate my entire teaching stipend back to the law schools' clinical programs.

27. That I am an experienced consumer rights lawyer with extensive experience in FDCPA litigation.

28. That attached as **Exhibit 4** to this Declaration is a true and correct copy of my most recent brochure for my nationally renowned FDCPA litigation seminar.

29. That since 2001, I have trained more than 450 attorneys, from 47 states, throughout the country in an intensive 27-hour FDCPA litigation seminar.

30. That I participate in the formal mentor program for law students both the University of St. Thomas School of Law and William Mitchell College of Law.

31. That most recently, I trained several hundred new consumer lawyers at conferences in Seattle and San Francisco over three days in January 2011 and March 2011.

32. That in November 2010, I also developed, organized and taught an extensive two-day litigation seminar in a mock courtroom setup in San Juan, Puerto Rico for the National Association of Consumer Bankruptcy Attorneys.  The litigation presentation including using numerous live witnesses, oral arguments, discovery motions, trial practice, video depositions, and a presiding judge before an audience of several hundred bankruptcy practitioners.

33. That I actively participate in the Federal Bar Association and volunteer for the Federal Pro Se Project.

34. That I have volunteered as a 4th District Investigator in Hennepin County since 2006.

35. That I annually address the Minnesota State Bar's Creditor Debtor Section on FDCPA and collection abuse issues.

36. That in January 2009, I appeared as a featured speaker at the American Bar Association's Committee on Consumer Financial Services Meeting in Scottsdale, Arizona, speaking on FDCPA compliance issues. The group consisted of approximately 500 in-house and general counsels for industry participants.

37. That in March 2010, I was a featured speaker before several hundred collection agency executives and general counsels throughout the United States, in a 2-hour teleconference with the American Collectors Association ("ACA") to discuss the CARD Act Amendments. I was the first Plaintiff's attorney to ever be asked to participate in such a conference in the ACA's history. The ACA represents more than 125,000 debt collectors in the United States. To avoid potential conflicts and maintain independence from the collection industry, I directed the ACA to donate its speaking honorarium to the Union Gospel Mission.

38. That I speak nationally on FDCPA issues and regularly volunteer as a featured speaker to the North American Collection Agency Regulators Association Meetings.

39. That most recently, I have been asked to appear as a featured speaker at the Cleveland Bar Association's William O'Neil Bankruptcy Institute in May 2011.

## **EXPERIENCE JUSTIFIES RATE**

40. That my professional billing rate has increased over the years in step with my knowledge, experience, and national reputation.

41. That from 1994-1996, I worked as an unpaid, volunteer, certified student attorney for two years in numerous legal settings including the Ramsey County Public

Defender's Office, the St. Paul Tenants Unions, the Criminal Appeals Clinic, Legal Assistance to Minnesota Prisoners (LAMP), the Misdemeanors Clinic, and others.

42. That in 2004 and 2005, federal courts approved my attorney's fees of $300 per hour.

43. That in 2009, the Court approved my rate at $350 per hour, but I maintain that my current hourly rate is $425.

44. That in further support of this rate, I state and aver that I have and continue to charge $425 per hour to consumer clients on hourly consumer cases where no fee-shifting statutes exist.

45. That the very best evidence of a reasonable hourly rate is one that a willing client can and will pay for legal work.

46. That the evidence shows that my professional rate currently stands at $425 per hour.

## RECENT LOCAL FDCPA FEES AWARDS JUSTIFY RATE

47. That in early 2007, my law partner, Mr. Nicholas P. Slade, Esq., was approved by this Court at a rate of $350 per hour on a federal consumer law case. *Stella v. Anderson, Kohman, et al., USDC-Minnesota 06-CV-03564 JRT-FLN, March 16, 2007, Docket 29 & 32.* Mr. Slade had only been practicing consumer law since 2000—four years less than this counsel.

48. That in March 2011, Attorney Sam Glover was approved by the Minnesota District Court at the rate of $350 per hour in an FDCPA case. I trained Mr. Glover

in FDCPA litigation in May 2006 in my FDCPA Boot Camp. I have been practicing six years longer than Mr. Glover. *Phenow v. Johnson, Rodenberg & Lauinger, PLLP, et al.,* USDC-Minnesota 10-cv-02113-DWF-JJK, March 1, 2011, Docket 36.

## OTHER DOCUMENTS

49. That attached hereto as **Exhibit 5** is a true and correct of the Victim Impact Statement provided in discovery by Plaintiff, which in turn he had received from the United States Attorney's Office in Minneapolis.

50. That attached hereto as **Exhibit 6** is a true and correct of the letter received from Defendants' counsel, Ms. Bridgett Sullivan, Esq. on January 12, 2011.

51. That attached hereto as **Exhibit 7** is a true and correct of the email received from Defendants' counsel, Ms. Bridgett Sullivan, Esq. on December 17, 2010.

## CONCLUSION

52. That I now come before this Court with my 15+ years of experience in handling federal FDCPA consumer litigation, and in light of my national experience, competence, knowledge, and the prevailing market rate for legal services in Minneapolis, and ask this Court to find my rate of $425 as reasonable for calculating the lodestar in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of March, 2011.        Respectfully submitted,

**BARRY & SLADE, LLC**

-12-

                                    **s/Peter F. Barry**
                                    Peter F. Barry, Esq.
                                    Attorney I.D.#0266577
                                    2021 East Hennepin Avenue, Suite 195
                                    Minneapolis, Minnesota 55413-1773
                                    Telephone:  (612) 379-8800
                                    Facsimile: (612) 379-8810
                                    pbarry@lawpoint.com

pfb/ra                                       **Attorney for Plaintiff**