UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 09-CV-3313-RHK-SRN

| | |
|---|---|
| Pradip Gupta,<br><br>             Plaintiff,<br><br>v.<br><br>Arrow Financial Services, L.L.C., Gurstel, Staloch & Chargo, P.A., and Jane Doe,<br><br>             Defendants. | **PLAINTIFF'S OBJECTION TO UNITED STATES MAGISTRATE JUDGE RAU'S APRIL 29, 2011 REPORT AND RECOMMENDATION** |

## INTRODUCTION

Plaintiff respectfully objects to parts of Magistrate Judge Rau's Report and Recommendation [Doc. No. 52] with regard to Plaintiff's Motion for Attorney's Fees and Costs [Doc. No. 40]. Specifically, Plaintiff objects to sections "b" and "c" of the Discussion that address the issues of "Appropriate Hourly Rate" and "Hours Expended." Within the Report and Recommendation, Plaintiff respectfully posits the Court made certain errors of fact that must be corrected before coming to the appropriate decision in this matter.

Further, Plaintiff's attorney, Peter F. Barry ("Mr. Barry"), has provided additional support for his hourly rate in the form of a Declaration by Attorney Michael W. Unger. In consideration of the above, Plaintiff respectfully requests that his full hourly rate of $425.00 be awarded for the hours expended on this case, and that the Court award

-1-

additional attorney's fees for 4.4 hours of legal work performed herein on the Motion to Compel [Docket 11].

## FACTS

Plaintiff Pradip Gupta ("Gupta") filed his Complaint against Arrow Financial Services, LLC ("Arrow Financial"), Gurstel, Staloch & Chargo, P.A. ("GSC"), and Jane Doe (collectively "Defendants") on November 20, 2009, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") (Compl. at 12) [Doc. No. 1]. Gupta was the victim of identity theft in 2006. *Id*. at 3, ¶ 12. The Minneapolis Police Department subsequently arrested a female suspect for fraudulently using Gupta's checks. *Id*. at 3, ¶ 13. Gupta never opened a Washington Mutual Bank account that Defendants attempted to collect on in June 2009. *Id*. at 3, ¶ 10. On June 26, 2009, one of GSC's debt collectors telephoned Gupta regarding the fraudulent Washington Mutual account. That GSC collector used a rude tone, falsely accused Gupta of failing to pay his debts, and threatened to put a lien on his home. *Id*. at 4-6.

GSC also sent Gupta a collection letter on June 29, 2009, which included a fraud questionnaire. *Id*. at 6. Gupta declined to provide personal information such as his social security number and driver's license number in the GSC questionnaire because doing so would have required him to falsely admit ownership over the disputed account. *Id*. at 8, ¶ 14. GSC sent Gupta a second letter on July 2, 2009, requesting the information again and asking that Gupta provide Defendants with his attorney's contact information. *Id*. at 9. GSC's actions caused Gupta emotional distress and violated the FDCPA. *Id*. at 5, 10.

Gupta requested statutory damages of $1,000 under the FDCPA, actual damages, and reasonable attorney's fees and costs. *Id*. at 11, ¶ 62; 12.

Defendants GSC and Arrow Financial answered separately, asserting several defenses and vigorously denying liability and most of the allegations in the Complaint [Doc. Nos. 2, 3]. In early January 2010, Gupta made Defendants a verbal settlement offer of $7,500. (Pl.'s Mem. At 2) [Doc. No. 42]. Defendants rejected Gupta's settlement offer. (Defs.' Mem. at 4) [Doc. No. 45]. However, more than a year later in February 2011, the case settled for $7,500 [Doc. No. 39].

When the case did not settle in early 2010, discovery ensued. Among other attempts to avoid their discovery obligations, Defendants provided little to no information in their discovery responses, and further failed to appear for a discovery conference which was scheduled at their own convenience. As a result of Defendants' failure to provide discovery, Gupta filed a Motion to Compel Discovery Responses, which then-Magistrate Judge Susan Richard Nelson granted in December 2010 [Doc. Nos. 11, 20]. Defendants failed to comply with Hon. Judge Nelson's Order and then filed an untimely appeal of that Order, which Hon. Judge Kyle affirmed in its entirety on January 5, 2011 [Doc. Nos. 22, 25, 35].

One week later, on January 12, 2011, Defendants sent 1,141 pages of supplemental discovery responses to Plaintiff's attorney. A cover letter was attached to the discovery documents that stated in relevant part as follows: "Yesterday, I scheduled a Motion for Summary Judgment for March 8, 2011." Hon. Judge Nelson's chambers advised the undersigned that no such date had ever been obtained by Defendants and no

such request had ever been made. Later, in response to Plaintiff's Motion for Attorney's Fees, Defendants represented in a sworn Declaration that they requested this hearing date on "approximately" January 3, 2011, and not January 11, 2011 as represented in their earlier letter. *See* Docket [47], page 1, ¶4.

Thereafter, Defendants persisted in refusing to promptly and properly produce the discovery as ordered by both Hon. Judge Nelson and Hon. Judge Kyle. These and the other discovery stalling tactics engaged in by Defendants forced Plaintiff to do substantial amounts of work.

Gupta filed notice of his acceptance of Defendants' settlement offer on January 15, 2011 [Doc. No. 38]. Judgment in favor of Gupta was entered on February 11, 2011. On March 25, 2011, Plaintiff's attorney filed the instant Motion for Attorney's Fees and Costs pursuant to 15 U.S.C. § 1692k(a).

## ISSUES ON APPEAL

1. Did the Court properly assign an hourly attorney fee rate of $350.00 to Mr. Barry for the work performed in this case, rather than the claimed $425.00 rate?

    **Plaintiff would respond NO.**

2. Did the Court properly disallow 4.4 hours of attorney time on briefing for the Motion to Compel in this matter?

    **Plaintiff would respond NO.**

## ARGUMENT

Pursuant to D. Minn. LR 72.2(b), a party may object to the Report and Recommendation by filing with the clerk of court, and serving all parties, a writing which

specifically identifies those portions of the Report to which objections are made and the basis of those objections. A judge shall then make a de novo determination of those portions to which objection is made.

> **I. BASED ON MATERIAL ERRORS IN THE DISCUSSION OF MR. BARRY'S HOURLY RATE, ATTORNEY'S FEES SHOULD BE AWARDED AT HIS HOURLY RATE OF $425.**

With regard to section "b" of the Magistrate's Report and Recommendation, Plaintiff respectfully objects to the Court's analysis attributing an hourly rate of $350.00 to Mr. Barry in a case that did not involve Mr. Barry. In fact, the case in which it relied on for part of its analysis, *Wiley v. A&K Auto Sales et al*, Civ. No. 06-4611 [Doc. No. 64] (DWF/AJB) (D. Minn. Mar. 5, 2010), involved only Mr. Barry's law partner, Nicholas P. Slade.[1] Mr. Barry performed no work on this case, did not apply for fees on this case, and did not represent the Plaintiff in any capacity.

Instead, Mr. Barry cited *Wiley* at the motion hearing[2] in support of his claimed hourly rate of $425.00 because, in that case, Hon. Judge Donovan W. Frank had approved Mr. Slade at an hourly rate of $400 in March 2010. Recent and similar cases in this District provide precedent that should be analogized when determining a motion for attorney's fees, just as they would be for any other decision. It followed that if Mr. Barry's law partner, Mr. Slade, with four years less consumer law experience, was awarded $400.00 per hour, 14 months ago, for legal work performed in 2009-2010, that Mr. Barry could reasonably claim a rate of $425.00 per hour today.

---

[1] *See attached as Exhibit 1 of Declaration of Peter F. Barry.*
[2] If the Court so directs, Plaintiff will promptly arrange for and provide the transcription of the record from the motion hearing.

In its Report and Recommendation, the Court however incorrectly concludes that the *Wiley* Court approved Mr. Barry at an hourly rate of $400. However, as discussed above, Mr. Barry was not approved at this rate because Mr. Barry was not involved in the *Wiley* case. Moreover, Hon. Judge Frank *did* approve Mr. Slade's hourly rate of $400 for work performed from 2009-2010. According to the *Wiley* Order, Hon. Judge Frank approved an hourly rate of $350 for work performed in 2007 through 2008, and approved an hourly rate of $400 for work performed from 2009 to 2010. Hon. Judge Frank specifically stated "that the hourly rate charged by Plaintiffs' counsel, while on the high side, is reasonable in light of Plaintiffs' attorney's experience and practice in the area of consumer rights law." *Wiley*, Civ. No. 06-4611 [Doc. No. 64]. Moreover, as demonstrated in the Declaration of Peter F. Barry in Support of Plaintiff's Motion for Attorney's Fees and Costs [Docket No. 41], Mr. Barry has 4 more years of consumer law experience than his law partner Mr. Slade. If an hourly rate of $400 was justified for Mr. Slade in March 2010, certainly it would be justifiable to award Mr. Barry an hourly rate of $425 in May 2011.

Furthermore, in the Report and Recommendation, the Court carefully observed that the case of *Gorton v. Debt Equities, LLC*, No. 08-4817 [Doc. No. 62] (D. Minn. Jul. 13, 2009) "provided Mr. Barry with a roadmap for future fee petitions before this Court." Hon. Judge Rau stated that Mr. Barry should have provided affidavits from other lawyers in the community who have comparable levels of skill and experience verifying Mr. Barry's hourly rate. That has been done. *See attached as Exhibit 2 – Barry Declaration, Declaration of Michael W. Unger*.

Upon clarification of the facts in *Wiley* and further consideration of Mr. Barry's experience in the area of consumer rights, Mr. Barry respectfully requests that this Court award his full hourly rate of $425.00.

> **II. MR. BARRY SHOULD BE AWARDED ATTORNEY'S FEES FOR THE 4.4 HOURS EXPENDED ON DISCOVERY MOTION BRIEFING IN THIS CASE BECAUSE OF DEFENDANTS' NONCOMPLIANCE WITH DISCOVERY RULES.**

With regard to section "c" of the Report and Recommendation, Plaintiff respectfully objects to the reduction in the hours expended by Plaintiff's attorney in this case. In its report and recommendation, the Court recommended that Mr. Barry's hours be reduced by 4.4 hours for Plaintiff's Motion to Compel Discovery [Docket No. 42]. Plaintiff's Motion to Compel was 46 pages and contained 11,997 words. It would be unjust and unfair to reduce this work to only 4.5 hours. Such a reduction in time is simply unreasonable for a 46-page brief. It would mean that Mr. Barry would have had to type 2,666 words an hour—with no time for analysis, reflection or editing. A simple review by the Court of these Motion papers will reveal that far more than 4.5 hours was spent preparing this detailed motion and far more than the 9.8 hours that was billed for it. In this case, Plaintiff moved to compel 21 Interrogatories, 11 Document Requests, and 14 Requests for Admission. This was a tall task for Plaintiff and there should be no time reduction for the success that was achieved by Plaintiff therefrom.

## **CONCLUSION**

Based upon the foregoing facts, law and arguments of counsel, Plaintiff Pradip Gupta respectfully requests that this Court consider his Objection to the Magistrate's Report and Recommendation and GRANT his Motion for Attorney's Fees and Costs as follows:

a. Award additional attorney's fees of 4.4 hours for legal time expended in this case on the Motion to Compel Discovery [Docket 11], for a total of 105 hours;

b. Award Plaintiff attorney's fees for Mr. Barry at a rate of $425.00 per hour, for a total attorneys' fees award of $44,625.00;

c. Award Plaintiff costs in the amount of $513.15;

d. Grant such other and further relief as it deems just and equitable.

Respectfully submitted,

Dated: May 12, 2011                              **BARRY & SLADE, LLC**

By: **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2021 East Hennepin Avenue, Suite 195
Minneapolis, Minnesota 55413-1773
Telephone: (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

pfb/ra                                                             **Attorney for Plaintiff**