UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Pradip Gupta,**  Civil No. 09-CV-3313 (SRN/SER)

       **Plaintiff,**  **MEMORANDUM AND ORDER**

v.

**Arrow Financial Services, LLC,
Gurstel, Staloch & Chargo, P.A.,
and Jane Doe,**

       **Defendants**.

Peter F. Barry, Barry & Slade, LLC, 2021 East Hennepin Avenue, Suite 195, Minneapolis, Minnesota 55413, for Plaintiff.

Michael D. Johnson and Bridget A. Sullivan, Gurstel, Staloch & Chargo, P.A., 6681 Country Club Drive, Golden Valley, Minnesota 55427, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

    This matter is before the Court on the Order and Report and Recommendation ("R&R") of Magistrate Judge Steven E. Rau dated April 29, 2011 [Doc. No. 52]. In the R&R, Magistrate Judge Rau recommended that this Court grant in part and deny in part Plaintiff's Motion for Attorney's Fees and Costs [Doc. No. 40]. Plaintiff timely filed objections to the R&R [Doc. No. 54].

    According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R in part, and grants in part and denies in part Plaintiff's Motion for Attorney's Fees and

Costs.

## I.   BACKGROUND

This case involves a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA").  After the parties settled the case for $7,500, Plaintiff filed the instant Motion seeking $50,830 in attorney's fees and $513.15 in costs.

In support of the Motion, Plaintiff's counsel, Peter F. Barry, submitted an affidavit detailing his hourly rate and hours expended on the case.  But in the R&R, Magistrate Judge Rau prescribed a lower hourly rate and reduced the number of hours expended.  These reductions resulted in a recommended award of $35,210 in attorney's fees and $513.15 in costs.  Plaintiff objects to the lower hourly rate and to a specific reduction in hours related to briefing a motion to compel. These objections will be addressed in turn.

## II.   DISCUSSION

The FDCPA allows a successful plaintiff to collect "the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The resulting figure is known as the "lodestar," which is strongly presumed to be the proper award.  City of Burlington v. Dague, 505 U.S. 557, 562 (1992).  Plaintiff's objections directly challenge the Magistrate Judge's lodestar calculation.

### A.   Hourly Rate

"[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the

community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).  In his Motion, Plaintiff sought $425 per hour as the rate that Mr. Barry should be afforded for his efforts in this matter.  Applying the lodestar standard, Magistrate Judge Rau recommended lowering that rate to $350 per hour.

Magistrate Judge Rau first noted that Mr. Barry also sought an hourly rate of $425 in a FDCPA case brought in 2009.  (Order & Memorandum at 5, Gorton v. Debt Equities, LLC, 08-CV-4817 (D. Minn. July 13, 2009) (Keyes, M.J.) [Doc. No. 26].)  Magistrate Judge Rau cited that decision in the R&R, noting that in Gorton, Mr. Barry was awarded a lower hourly rate than requested because of insufficient detail in billing submissions to the Court and because counsel did not provide affidavits from comparably experienced lawyers in the community verifying that $425 was an appropriate, reasonable rate.  In his initial filings in support of the instant motion, Mr. Barry also did not provide an affidavit from a Minnesota colleague, which Magistrate Judge Rau properly noted.

In Plaintiff's Objections, however, Mr. Barry included a Declaration from Michael Unger, a certified Civil Trial Specialist practicing in the Twin Cities, with over 30 years' experience, including the defense and prosecution of class action litigation.  (Obj. Ex. 2.)  Mr. Unger avers that Mr. Barry's efforts are worth $425 per hour.  (Id. )  Moreover, Mr. Barry notes that in Wiley v. A&K Auto Sales, 06-CV-4611 (DWF/AJB) (D. Minn. Mar. 5, 2010) (Frank, J.) [Doc. No. 64], this Court awarded a $400 hourly rate to Mr. Barry's law partner, who possesses four years less consumer law experience, for work performed in 2009-2010.  The Court finds that this evidence – some of which was not before the Magistrate Judge – supports Mr. Barry's

request for an hourly rate of $425 per hour. Mr. Barry's less-experienced partner was awarded a $400 rate for work done two-three years ago. Moreover, Mr. Unger's declaration attests to the reasonableness of Mr. Barry's rate as one that is prevailing in the community for an attorney of his experience and expertise.

Furthermore, in addition to Magistrate Judge Keyes's decision in Gorton, there is sufficient case law in this district to support an hourly rate of between $350-450 per hour in consumer law cases, commensurate with a given attorney's experience and expertise. See, e.g., Poechmann v. Alerus Financial, 10-CV-4186 (SRN/FLN) (D. Minn. 1/30/12) (Nelson, J.) [Doc. No. 62] (awarding plaintiff's lead local counsel, who possessed over 40 years' experience, a $400-450 hourly rate in a class action suit); Phenow v. Johnson, Rodenberg & Lauinger, PLLP, 10-CV-2113 (DWF/JJK), 2011 WL 710490, at *2 (D. Minn. Mar. 1, 2011) (Frank, J.) (awarding a $350 hourly rate in an FDCPA case); Wiley, 06-CV-4611 (DWF/AJB) (D. Minn. Mar. 5, 2010) (awarding a rate of $400 per hour to plaintiff's counsel); Hixon v. City of Golden Valley, 06-CV-1549 (RHK/JSM), 2007 WL 4373111, at *2 (D. Minn. Dec. 13, 2007) (Kyle, J.) (awarding plaintiff's lead attorney a $400 hourly rate). For all of these reasons, the Court will approve the requested hourly rate of $425 for Mr. Barry in this case.

**B. Reduction of Hours on Plaintiff's Motion to Compel Discovery**

In determining the reasonableness of the amount of hours expended on a case, courts may call on their own experiences, as well as their review of the work performed. See Warnock v. Archer, 397 F.3d 1024, 1027 (8th Cir. 2005); Hall v. Borough of Roselle, 747 F.2d 838, 841 (3d Cir. 1984); Phenow, 2011 WL 710490, at *3. In this case, Plaintiff specifically objects to a recommended 4.4-hour reduction for time that Mr. Barry expended in connection with a motion

to compel.

Plaintiff argues that a reduction of 4.4 hours would be unfair because the supporting memorandum was 46 pages long, contained 11,997 words and represented time expended as a result of Defendants' noncompliance with numerous discovery requests. Specifically, Mr. Barry contends that in that motion, Plaintiff moved to compel 21 interrogatories, 11 document requests and 14 requests for admission. Indeed, the Magistrate Judge noted, "Mr. Barry expended a considerable amount of time in this case as a result of discovery disputes with Defendants. . . . In particular, Mr. Barry was required to spend a significant amount of time on the motion to compel . . . ." (Id. at 6-7.) Nevertheless, the R&R recommended a reduction of 4.4 hours for the work on the motion to compel, finding it excessive.

The Court respectfully disagrees with the reduction recommended in the R&R. The full expenditure of time for which Mr. Barry seeks compensation on the motion to compel, 9.8 hours, is reasonable, particularly given the volume of discovery requests for which Plaintiff moved to compel. Further, the Court notes that much of Plaintiff's motion for the requested discovery was granted. This Court will therefore apply Mr. Barry's $425 hourly rate to a total of 105 hours of compensable time (100.6 hours of compensable time as recommended in the R&R + 4.4. reapplied hours = 105 total compensable hours) .

### III.   CONCLUSION

Mr. Barry has demonstrated that his reasonable hourly rate is $425 and that the 4.4 hours of time recommended to be excluded for his work in briefing a motion to compel should be reapplied. Including all other reductions recommended by the Magistrate Judge to which Plaintiff did not specifically object, Mr. Barry's reasonable time expended on this case is 105

hours.  The lodestar formula results in a reasonable attorney's fee award of $44,625.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation [Doc. No. 52] is **ADOPTED in part**;
2. Plaintiff's Motion for Attorney's Fees and Costs [Doc. No. 40] is **GRANTED in part and DENIED in part**; and
3. Defendants shall pay Plaintiff's attorney's fees in the amount of $44,625 plus costs of $513.15, for a total of **$45,138.15**.


Dated:   March 29, 2012                              s/Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Judge